UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TIMOTHY DELANE BURNHAM | CIVIL ACTION NO. 09-cv-1379 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| ENSCO OFFSHORE CO. ET AL. | BY CONSENT OF THE PARTIES |

## MEMORANDUM RULING

Pending before this Court is Frank's Casing Crew & Rental Tool, Inc.'s motion for summary judgment. (Rec. Doc. 125). The motion is unopposed. For the reasons explained below, the motion is GRANTED.

### FACTUAL BACKGROUND

The plaintiff, Timothy Delane Burnham, claims that he was injured in an offshore accident on or about August 23, 2006, while he was employed by defendant Frank's Casing Crew & Rental Tools, Inc. and assigned to work aboard the ENSCO 98, a drilling rig owned by defendant Ensco Offshore Company and operated by defendant Seneca Resources Corporation. In his original complaint, Burnham alleged that he was a seaman and a member of the crew of the vessel he was working on at the time of the alleged accident. (Rec. Doc. 1 at ¶ VI). He asserted a Jones Act claim against his employer, Frank's Casing Crew. In this motion, Frank's Casing Crew

seeks to show that Burnham's claim against it should be dismissed because Burnham was not a seaman at the time of his alleged accident and injury.

Burnham worked for Frank's casing crew from July 14, 2000 until January 21, 2004 and then again from August 10, 2004 until November 22, 2007. Burnham worked on a casing crew performing jobs as the cam-tech operator, tong operator, and stabber. He worked both onshore and offshore, depending upon the work that his employer contracted to perform. He was on call twenty-four hours a day, seven days per week and was assigned to land-based or offshore rigs through the Frank's Casing Crew dispatcher. On the date of the alleged accident, Burnham was part of a casing crew that was running chrome tubing. He testified that the job should have taken about six hours, and that he did not anticipate being assigned to the ENSCO 98 any longer than the job required. While on that job, Burnham did not know when his next assignment would start or if it would be on land or offshore.

No evidence was presented to show that Frank's Casing Crew owns any vessels or assigns its employees such as Burnham to particular vessels. Instead, the uncontroverted evidence demonstrates that, during his employment with Frank's Casing Crew from 2004 to 2007, Burnham spent approximately 42% of his work time on water-based jobs while assigned to work for twenty-three different customers of

Frank's Casing Crew.[1] The most that Burnham worked for any single customer of Frank's Casing Crew on water-based jobs was 1,725.5 hours that he worked for Shell, which was 14.24% of his total employment with Frank's Casing Crew from 2004 to 2007.[2] There is no evidence that his work for Shell was performed on vessels owned, operated or in any way controlled by Frank's Casing Crew.

## ANALYSIS

A. **SUMMARY JUDGMENT STANDARD**

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under applicable law in the case.[3] A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.[4]

---

[1] Rec. Doc. 125-3 at 3.

[2] Rec. Doc. 125-3 at 3.

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Minter v. Great American Insurance Co. of New York*, 423 F.3d 460, 465 (5th Cir. 2005).

[4] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252.

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of genuine issue of material fact.[5] If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of material fact.[6] All facts and inferences are construed in the light most favorable to the nonmoving party.[7]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's claim.[8] The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim.[9]

---

[5] *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[6] *Washburn v. Harvey*, 504 F.3d at 508.

[7] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008), citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

[8] *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008), citing *Celotex Corp. v. Catrett*, 477 U.S. at 325.

[9] *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

## B. SEAMAN STATUS

The Jones Act permits "a seaman injured in the course of employment" to recover from his employer for negligence.[10] Although the statute does not define the term "seaman," the United States Supreme Court has provided a two-part test for determining a claimant's status as a seaman. First, "an employee's duties must contribute to the function of the vessel or to the accomplishment of its mission."[11] Second, "a seaman must have a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both duration and nature."[12] The purpose of this test is to "separate the sea-based maritime employees who are entitled to Jones Act protection from those land-based workers who have only a transitory or sporadic connection to a vessel in navigation, and therefore whose employment does not regularly expose them to the perils of the sea."[13] "An injured person claiming the benefits of the Jones Act... has the burden of establishing seaman status."[14] Therefore, in this case, Burnham has the burden of proving that he was a

---

[10] 46 U.S.C. § 30104(a).

[11] *Chandris, Inc. v. Latsis*, 515 U.S. 347, 368 (1994).

[12] *Chandris, Inc. v. Latsis*, 515 U.S. at 368.

[13] *Chandris, Inc. v. Latsis*, 515 U.S. at 368. See, also, *Roberts v. Cardinal Services, Inc.*, 266 F.3d 368, 374 (5th Cir. 2001); *Hufnagel v. Omega Service Industries, Inc.*, 182 F.3d 340, 346 (5th Cir. 1999).

[14] *Barrett v. Chevron, U.S.A., Inc.*, 752 F.2d 129, 132 (5th Cir. 1985).

seaman at the time of his alleged accident and resultant injury. Frank's Casing Crew contends that Burnham based on the undisputed facts of record, Burnham cannot satisfy this burden.

As a preliminary matter, the work that Burnham was performing – casing crew work – is not traditional maritime employment. To the contrary, it is "like so many offshore oil field occupations, an art developed in land work and transposed to a maritime setting."[15]

Furthermore, in the Fifth Circuit, the "well-established rule ... [is] that a worker who fails to show that at least 30 percent of his time is spent on vessels under the common ownership or control of his employer is precluded from recovering as a seaman under the Jones Act."[16] There is no evidence that Frank's Casing Crew either owned, operated or exercised control over any of the vessels upon which Burnham worked, including but not limited to the ENSCO 98, the vessel on which he was

---

[15] *Wallace v. Oceaneering International*, 727 F.2d 427, 436 (5th Cir. 1984).

[16] *Willis v. Fugro Chance, Inc.*, 278 Fed. App'x. 443, 447, (5th Cir. 2008), quoting *Roberts v. Cardinal Services, Inc.*, 266 F.3d 368, 378 (5th Cir. 2001). See, also, *St. Romain v. Indus. Fabrication & Repair Svc., Inc.*, 203 F.3d 376, 379-80 (5th Cir. 2000) (holding that the plaintiff was not a seaman because he did not work aboard vessels under common ownership or control). See, also, *Harbor Tug and Barge Co. v. Papai*, 520 U.S. 548, 557 (1997) ("In deciding whether there is an identifiable group of vessels of relevance for a Jones Act seaman-status determination, the question is whether the vessels are subject to common ownership or control.")

allegedly injured. Consequently, Burnham does not qualify as a seaman and he is prohibited from recovering from Frank's Casing Crew under the Jones Act.

## CONCLUSION

The plaintiff, Timothy Delane Burnham, bears the burden of proving that he is a seaman. This he cannot do. There is no evidence that his employer, defendant Frank's Casing Crew, owned any vessels that Burnham worked aboard during his employment. Similarly, there is no evidence that he was assigned to a particular vessel or to a fleet of vessels under common ownership or control for more than 30% of the time that he was employed by Frank's Casing Crew. Accordingly, he cannot satisfy the test for seaman status prescribed by the United States Supreme Court and applied routinely by the Fifth Circuit. For these reasons, Burnham has not established that he was a seaman at the time of the alleged accident. Frank's Casing Crew's motion for summary judgment is GRANTED, and the plaintiff's claim against Frank's Casing Crew will be DISMISSED.

Signed at Lafayette, Louisiana, this 24th day of August, 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)